Renée POILLION, Plaintiff–Appellant,

v.

DELTA FAMILY–CARE DISABILITY SURVIVORSHIP PLAN, Delta Family–Care Medical Plan, Administrative Committee of Delta Airlines, Inc., Defendants–Appellees.

No. 01–55942.

D.C. No. CV–00–8752–LGB.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Nov. 7, 2002.

Submission Vacated Nov. 8, 2002.

Resubmitted Dec. 18, 2003.

Decided Jan. 20, 2004.

Elizabeth R. Lishner, Esq., Elizabeth R. Lishner Law Offices, Santa Monica, CA, Joseph M. Ribakoff, Esq., Law Office of Joseph Ribakoff, Long Beach, CA, for Plaintiff–Appellant.

Hunter R. Hughes, Esq., Rogers & Hardin, Atlanta, GA, Charles N. Bland, Esq., Backus, Bland & Weber, Los Angeles, CA, J. Timothy McDonald, Esq., Rogers & Hardin LLP, Atlanta, GA, for Defendant–Appellee.

Before BRIGHT,* GOODWIN, and TASHIMA, Circuit Judges.

ORDER**

Delta Family–Care Disability and Survivorship Plan, Delta Family–Care Medical Plan, and the Administrative Committee of Delta Air Lines, Inc. (collectively, "Delta") move to dismiss Renée Poillion's appeal for want of prosecution. Poillion appealed from the district court's grant of summary judgment to Delta. We grant Delta's motion and dismiss Poillion's appeal.

---

* The Honorable Myron H. Bright, United States Circuit Judge for the Eighth Circuit, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

The parties remain familiar with the long history in this case, so we provide only an overview here. Poillion, a former employee of Delta Air Lines, Inc., developed multiple sclerosis and sought benefits from her employer's disability insurance plan. Delta's assignee for administering the plan initially denied Poillion's claim but then reconsidered and awarded benefits. Eventually, the assignee required Poillion to submit to a new medical examination to determine whether she remained totally disabled. Poillion's then-attorney refused to let her take the medical exam, arguing that the assignee's prior award of benefits resolved the matter permanently. The same attorney also repeatedly filed appeals with a senior in-house counsel at Delta, rather than with the separate administrative committee of which that counsel acted as Secretary. Ultimately, Delta cut off Poillion's benefits. Poillion brought suit under ERISA, 29 U.S.C. § 1132(a)(3), and the district court granted summary judgment to Delta on April 18, 2001.

On appeal, we directed the parties to mediation. Shortly thereafter, Poillion's counsel lost track of her whereabouts. While Poillion remained missing, her lawyer faced professional disciplinary charges and we appointed a new pro bono counsel, Elizabeth R. Lishner, to represent Poillion. Lishner searched extensively for Poillion, and eventually persuaded Poillion's parents to hire a private investigator, who found Poillion and restored her to contact with the attorney. After meeting with Poillion, Lishner returned to mediation with Delta. However, Poillion became inaccessible once again. We granted a lengthy continuance, during which Lishner unsuccessfully sought to find her. Finally, with no appellant who could approve or reject any settlement offer, the mediation terminated and we ordered the case resubmitted for decision on December 18, 2003. Delta moved to dismiss the appeal for want of prosecution on December 30, 2003, noting that Poillion's present whereabouts remain unknown to the Court and to her counsel. Poillion's counsel has not filed a response. *See* Fed. R.App. P. 27(a)(3)(A).

We commend Attorney Lishner and the Ninth Circuit Mediation Office for their admirable diligence in pursuing this matter. However, the lack of cooperation by the appellant makes it impossible to proceed with this appeal. In light of the circumstances, we grant Delta's motion and dismiss the case. *See* 9th Cir. R. 42–1.